IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

FILED DEC 5 - 2005 U.S. BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE VILLAS AT HACIENDA DEL SOL, INC., an Arizona corporation,<br><br>        Debtor.<br><br>―――――――――――――――――<br><br>NWR ENTERPRISES, INC., an Arizona corporation dba BRIKON MASONRY,<br><br>        Plaintiff,<br><br>v.<br><br>WESTERN PLAINS DEVELOPMENT CORP., an Arizona corporation, and THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation,<br><br>        Defendants, | Chapter 11<br><br>Case No. 4-05-01482-EWH<br><br><br><br><br><br>Adversary No. 05-00209<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

Litigation between the Debtor's general contractor and one of its subcontractors is related to the Debtor's bankruptcy case because an adverse outcome to the litigation could have an effect on the bankruptcy estate. Because the litigation has already been removed to this court, there is no parallel proceeding in state court in favor of which this court must or could abstain. The equitable factors which govern remand, favor retention of this adversary

Case 4:05-ap-00209-EWH    Doc 12    Filed 12/05/05    Entered 12/06/05 11:30:16    Desc
Main Document    Page 1 of 9

proceeding in this court. The reasons for my conclusions are explained in the balance of this decision.

## FACTUAL AND PROCEDURAL HISTORY

Movant, NWR Enterprises, Inc. dba Brikon Masonry (Brikon) has a subcontract with Western Plains Development Corp (WPD) on a construction project (Project) to build apartment units on property owned by the Debtor. WPD is the general contractor on the Project. The Debtor is not a party to the subcontract between WPD and Brikon. Under its contract with the Debtor, WPD was required to provide payment and performance bonds for the Project. In order to comply with that requirement, WPD obtained a $12.7 million payment bond from Ohio Casualty Insurance Company, (Ohio Casualty). WPD is named as the principal on the bond and the Debtor is named as the obligee.

In the spring of 2004, a dispute arose between the Debtor and WPD. The Debtor quit funding WPD's payment and change order requests. At or about the same time, WPD quit paying the subcontractors on the Project. Brikon subsequently sued Ohio Casualty and WPD in Pima County Superior Court in June of 2005 (Brikon Litigation).

After the Debtor filed for Chapter 11 relief in March 2005, Ohio Casualty and/or WPD filed notices of removal of all pending state court proceedings brought by subcontractors against WPD and/or Ohio, including the Brikon Litigation. All of the removal notices state that the litigation being removed is "related to" Debtor's bankruptcy case. Brikon filed a

Motion for Abstention and Remand on October 20, 2005.[1] After the Brikon Litigation was removed, Ohio Casualty and WPD filed an answer and third-party complaint against the Debtor, alleging that to the extent Ohio Casualty and/or WPD are found liable to Brikon, the Debtor "is or may" be liable to Ohio Casualty and WPD under the terms of WPD's contract with the Debtor as well as under principles of contribution and indemnity.

Brikon's motion, along with the motions to remand filed by a number of other subcontractors on the Project, was heard on November 17, 2005. The matter is now ready for decision.

## DISCUSSION

In its motion, Brikon argues that the Brikon Litigation must be remanded because mandatory abstention under 28 U.S.C. § 1334(c)(2) applies or, in the alternative, requests that the court exercise discretionary abstention under 28 U.S.C. § 1334(c)(1). Brikon's motion also questions whether this court has "related to" jurisdiction over the Brikon Litigation. I turn first to Brikon's jurisdictional argument.

---

[1] In addition to Brikon, Best Paving, Inc. (Best), M&B Mechanical, Inc. (M&B Mechanical), Environmental Earthscapes, Inc. (Environmental Earthscapes), JFN Mechanical Contracting, Inc. (JFN Mechanical), Design Plastering, Inc. (Design Plastering) and Ron's Concrete Construction, Inc. dba Hector's Concrete (Ron's Concrete) all filed suit against WPD and/or Ohio Casualty in Pima County Superior Court. Brikon, Environmental Earthscapes, Best and M&B Mechanical, joined by Ron's Concrete, filed motions to remand their lawsuits to state court. M&B Mechanical has withdrawn its Motion. JFN Mechanical and Design Plastering have not filed motions to remand. The motions for remand filed by Environmental Earthscapes, Best and Ron's Concrete are the subjects of separate memorandum decisions and orders entered this date.

3

A. The Bankruptcy Court has Jurisdiction Over the Brikon Litigation as a Case Related to the Debtor's Bankruptcy Case

The Ninth Circuit has adopted the definition developed by the Third Circuit for determining when a case is "related to" a bankruptcy case under 28 U.S.C. § 1334(b) set forth in Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984):

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the *outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. (citations omitted).

Notwithstanding its broad definition of "related to" jurisdiction, the Pacor court found that the potential of an indemnification claim against a Chapter 11 debtor as a result of tort litigation between two non-debtor parties was too remote to fall within its definition because there would be no automatic liability created against the debtor by the outcome of that litigation. Id. at 995-96. The Pacor court, however, distinguished its facts from cases, like this one, where a contractual indemnification clause would automatically result in indemnification liability against the debtor if the litigation is decided against the debtor's indemnitee.

In this case, an adverse outcome of the Brikon Litigation to Ohio Casualty and WPD will have an automatic and immediate effect on the debtor's bankruptcy case by increasing the amount of Ohio Casualty's and/or WPD's claim against the estate. Accordingly, the Brikon Litigation meets the Pacor requirements for "related to" jurisdiction. See also Kaonohi Ohana, Ltd. v. Sutherland, 873 F.2d 1302, 1306 (9th Cir. 1989):

4

> The usual articulation of the test for determining whether its civil proceeding is related to bankruptcy *is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*

B. <u>Abstention Under 28 U.S.C.1334(c) Does Not Apply</u>

In its motion, Brikon argues mandatory abstention under 28 U.S.C. § 1334(c)(2) requires that the Brikon Litigation be remanded to state court. However, in <u>Security Farms v. Int'l Brotherhood of Teamsters</u>, 124 F.3d 999, 1009 (9th Cir. 1997), the Ninth Circuit held that abstention can exist only when there is a parallel proceeding in state court.

> Section 1334(c) abstention should be read in *pari materia* with section 1452(b) remand, so that [section 1334(c)] applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1) or that by legislative mandate, requires it, section 1334(c)(2)." <u>Id</u>. at 1010.

See also <u>In re Lazar</u>, 237 F.3d 967, 981 (9th Cir. 2001).

Under the holding in <u>Security Farms</u>, because Ohio Casualty has removed the Brikon Litigation, there is no parallel proceeding in state court. There is, therefore, no "pendant state action" in favor of which the court must or may abstain. <u>Id.</u> at 1009. Accordingly, Brikon's motion is not governed by either Section 1334(c)(1) or (2).

C.   Remand Under 28 U.S.C. § 1452(b)

A cause of action or a claim may be remanded to state court "on any equitable ground."[2] The "any equitable ground" remand standard is an unusually broad grant of authority committed to the sound discretion of the bankruptcy judge. In re McCarthy, 230 B.R. 414 (9th Cir. B.A.P. 1999).

In exercising this "broad grant" of discretion, courts have looked to a number of factors to determine whether remand would be equitable in a given case. These factors include:

> Judicial economy, economy in respect for state law decision making capabilities, the impact that remand would have upon the orderly administration of the Debtor's bankruptcy estate, the effect of bifurcating claims and parties to an action and the possibility of inconsistent results. The predominance of state law issues, and non-debtor parties and the extent to any prejudice to non-debtor parties." In re TIG Insurance Company, 264 B.R. 661, 666 (Bankr. C.D. Calif 2001). (citations omitted)

In this case, contract and surety law issues governed by state law predominate. However, the issue of whether Brikon is entitled to damages under Ohio Casualty's bond or its subcontract with WPD will affect the Debtor's bankruptcy case. Ohio Casualty's indemnification rights against WPD and/or the Debtor on the payment bond and WPD's contractual and/or equitable indemnification rights against the Debtor as the owner of the Project, mean that any adverse outcome of the Brikon Litigation to Ohio Casualty will have an impact on the Debtor's bankruptcy estate because it will increase the amount of WPD's and/or

---

[2] 28 U.S.C. § 1452(b) provides as follows: the court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the Court of Appeals under Section 158(d), 1291 or 1292 of this title or by the Supreme Court of the United States under Section 1254 of this title.

Ohio Casualty's claims. The fact that WPD's claims against the Debtor will have to be severed if the Brikon Litigation is remanded also raises concerns about the efficient use of judicial resources both in this court and in state court.

Furthermore, if the Brikon Litigation is remanded, there is a possibility of inconsistent results between this court and the state court in interpreting similar contractual provisions. Ohio Casualty and WPD have asserted in all of the pending litigation with the Project's subcontractors that a "pay when paid" clause in the subcontracts means that no amounts are currently due and owing from WPD (or Ohio Casualty) to any of the Project subcontractors. One subcontractor, M&B Mechanical has withdrawn its motion for remand. Two others have failed to seek remand. Therefore, I will be forced to address WPD's "pay when paid" defense. However, if the Brikon Litigation is remanded, the state court will also have to address the "pay when paid" defense raising the very real possibility of inconsistent results which could have an adverse effect on the Debtor and its creditors.

This court is the only forum where all of the subcontractors and potential resulting indemnification claims against the Debtor can be heard. While the litigation can be heard relatively quickly and efficiently in this court, absent consent of the parties, this court cannot enter final orders or judgments in "related to" proceedings. See 28 U.S.C. § 157(c)(1). As a result, the Brikon Litigation may not necessarily conclude more quickly in this court than in state court, but I find that the possibility of inconsistent results between the federal and state forums and the potential significant impact that such inconsistent results could have on the

bankruptcy estate, outweigh any delay caused by the requirement that this court submit its proposed findings of fact and conclusions of law to the District Court.

## CONCLUSION

The Brikon Litigation is "related to" the Debtor's bankruptcy case because the outcome could alter the Debtor's rights, liabilities and options and could conceivably have an effect on the administration of the bankruptcy estate. Under Ninth Circuit case law, abstention under Section 1334(c) does not apply to Brikon's Motion for Abstention and Remand. Under the broad equitable principles which govern remanding of removed matters under 28 U.S.C. § 1452(b), I find that the Brikon Litigation should not be remanded to state court because it will require an inefficient severance of claims and opens up the possibility of inconsistent rulings on similar matters by the state court and this court. Accordingly, Brikon's Motion for Remand is denied.

The foregoing constitute my findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7053. A separate order denying Brikon's Motion for Remand will be entered this date.

DATED this 5th day of December, 2005.

_Eileen W. Hollowell_
Eileen W. Hollowell
U.S. Bankruptcy Judge

Copy of the foregoing served as indicated
below this  5  day of December, 2005, to:

David L. O'Daniel, Esq.
Anderson Brody Buchalter Nemer
4600 East Shea Blvd., Suite 100
Phoenix, AZ 85028
Attorneys for NWR Enterprises, Inc. dba Brikon Masonry
dodaniel@buchalter.com


Rob Charles, Esq.
Lewis and Roca LLP
1 South Church Avenue, Suite 700
Tucson, AZ 85701-1611
Attorneys for The Ohio Casualty Insurance Company and
    Western Plains Development Corp.
rcharles@lrlaw.com


Matthew R.K. Waterman, Esq.
Waterman & Waterman, P.C.
33 North Stone Avenue #2020
Tucson, AZ 85701
Attorneys for The Villas at Hacienda Del Sol, Inc.
mrkw@watermanlaw.com


Evan L. Thompson, Esq.
Thompson Krone, PLC
3002 North Campbell Ave. #201
Tucson, AZ 85719
Special Counsel to The Villas at Hacienda Del Sol, Inc.
evan@thompsonkrone.com

By_____
    Judicial Assistant